IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19CR15 |
| vs. | MEMORANDUM AND ORDER |
| TIMOTHY LUKOWSKI, | |
| Defendant. | |

This matter is before the Court on defendant's motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A). Filing No. 64. defendant is represented by retained counsel. The government filed an objection to this motion. Filing No. 65. The United States Probation Office has filed an investigation report and has reviewed the plan of home detention. Filing No. 67. Defendant requests that this Court release him to serve his remaining term of imprisonment, and subsequent years of supervised release, at home.

On January 23, 2019, the grand jury in the District of Nebraska indicted Lukowski for bank fraud in violation of 18 U.S.C. § 1344(2). Filing No. 1, Indictment. The Indictment stemmed from Lukowski providing the Maine Bureau of Motor Vehicles ("Maine BMV") a fictitious and fraudulent lien release letter which Lukowski then used to sell truck trailers that he was not authorized to sell. *Id.* On June 22, 2020, Lukowski pled guilty to a three count Criminal Information. Filing No. 36. Count 1 involved the same bank fraud concerning the Maine BMV. Count 2 alleged that Lukowski committed wire fraud based on making credit card payments with accounts he knew to be closed. Count 3 alleged

1

that Lukowski committed wire fraud by opening credit cards under another individual's name and without that individual's consent. On January 11, 2021, this Court sentenced Lukowski to 18 months imprisonment followed by five years of supervised release. Lukowski had served 5 months of his sentence at the time of filing this motion for release. His projected release date, including any good conduct time, from the Bureau of Prisons (BOP) is August 20, 2022. Filing No. 57.

**DISCUSSION**

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019). Congress designed the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release." § 603(b), 132 Stat. at 5239. Section 3582(c)(1)(A) allows defendants, for the first time, to petition district courts directly for compassionate release. *Id.* Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. § 3582(c)(1)(A)(i). Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion if extraordinary and

---

[1] The statute states: (1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

2

compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Accordingly, an initial review of the defendant's claim will involve these inquiries:

1. Has the defendant exhausted administrative remedies?

2. Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?

3. Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?

4. Ensure that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A).

*A. Exhaustion*

The Court finds that the defendant has met the exhaustion requirement. *See United States v. Brown*, 2020 WL 2091802, at *5 (S.D. Ia. Apr. 29, 2020) ("Defendant satisfied the exhaustion requirement's text and purpose [when] [h]e gave the BOP the first chance to review his circumstances and let thirty days pass before proceeding to court."). Defendant in this case filed such a motion with the BOP, and the BOP denied his request. All parties agree that the defendant has complied with the exhaustion requirement.

---

whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction; . . .
***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(1)(A).

*B. Medical Vulnerability*

COVID-19 continues to be a global pandemic that presents extraordinary and compelling release for certain prisoners. It is unprecedented. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These include a compromised immune system, obesity, heart disease, hypertension, chronic lung disease, diabetes mellitus, and asthma. Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. However, the Court likewise notes that most prisoners now have the opportunity to get vaccinated, and in this case, the defendant has in fact been vaccinated.

The defendant has a number of health risks. However, the Court was aware of most of these health risks at the time of his sentencing. The Court was already aware of his blood pressure, high cholesterol, back problems, sleep disorder, and anxiety when it sentenced him. Filing No. 62, PSR, at ¶¶ 136, 140, 141. Defendant argues he has been designated as high risk by the prison medical team. BOP records show the defendant is classified as Care Level 1 Mental Health, which means he shows no significant level of functional impairment associated with a mental illness and demonstrates no need for regular psychiatric intervention. Defendant has also been diagnosed with shingles and sleep apnea as well as cellulitis, hyperlipidemia, prediabetes, asthma, and he had a cyst removed. BOP records show the defendant is classified as Care Level 2 for medical care. Inmates with Care Level 2 needs are stable outpatients who require clinician evaluations monthly to every six months. Their medical

and mental health conditions can be managed through routine, regularly scheduled appointments with clinicians for monitoring.

The Court believes the medical evidence establishes that defendant is not at significantly higher risk for COVID-19 complications. He has a number of conditions that place him in the increased risk category, but the individual and collective ailments do not rise to the level required under the Act. Further, and more importantly, defendant has received his first and second COVID-19 vaccinations. As of October 19, 2021, in the FPC in Duluth, Minnesota, there were no current COVID-19 cases for inmates, 1 current COVID-19 case for staff, and 127 inmates and 24 staff members had recovered from COVID-19. To date, no deaths at this facility was attributed to COVID-19. Further, FPC Duluth has had at least 53 staff members and 229 inmates are fully vaccinated.

### C. Section 3553(a) Factors

Finally, the Court must consider if compassionate release comports with any applicable § 3553(a) factors. *See also* § 3582(c)(1)(A). When reviewing the § 3553(a) relevant factors, the balance of those factors supports a sentence of home confinement. The Court has already established that defendant's health conditions do not place him at heightened risk for severe illness from COVID-19.

BOP records show the defendant completed the following education courses: ACE create a plan independent study, ACE Hispanic heritage; ACE building strong family; ACE financial planning; and transportation and logistics. The ACE courses were taken as a part of the RDAP program, and they were completed in June 2021. He completed the transportation and logistics course as of September 17, 2021. He is currently enrolled in a carpentry course.

The defendant has had two work details in his short time in BOP custody: landscaping and construction. His current work assignment is construction, which began as of October 12, 2021.

Defendant is 47 years old. If he is released, it appears he would be able to return to his previous construction job. He would reside with his wife and children in their home. The probation officer's report states, and the Court agrees, that if all conditions are met, this would be an acceptable placement for the defendant.

However, the Court will deny the motion for compassionate release. The Court has already determined that his medical vulnerability is not at the level required under the Act to permit a compassionate release. The Court is unwilling to find that defendant is no longer is a threat to society. The Court believes that incarceration is necessary "to protect the public from further crimes of the defendant." § 3553(a)(2)(C). The past conduct is indicative of risk to harm to others if he is released. He has only served 1/3 of his sentence. Based on these findings, the Court finds that the § 3553(a) factors militate towards denying defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

For the reasons stated herein, defendant's Motion for compassionate release, Filing No. 64, is denied. Government's objection to defendant's motion to reduce sentence, Filing No. 65, is granted.

Dated this 13th day of December, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge